In The UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS EL PASO DIVISION

FILED
2023 FEB 24 PM 2:49
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

Jacob Alex Johnson, Jesse Spencer Fleming,
Mario Costa, Kerai Bauletchong, Jose Gaytan,
Jose Luis Fino, AND ALL Inmates of the Ector
County Detention Center (Plaintiffs)

V.

Ector County Sheriffs Office (Defendants)

## Complaint     EP23CV0085

### I. JURISDICTION AND VENUE

(1) This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation under color of state law of rights secured by the constitution of the United States. The court has jurisdiction under 28 U.S.C. Section 1331 and 1343(a)(3). Plaintiffs seek declaratory relief pursuant to 28 U.S.C Section 2201 and 2202. Plaintiffs claims for injunctive relief are authorized by 28 U.S.C. Section 2283 and 2284 and Rule 65 of the Federal Rules of civil Procedure.

(2) THE UNITED STATES DISTRICT COURT WESTERN DISTRICT OF TEXAS EL PASO DIVISION is an appropriate division, under 28 U.S.C. Section 1391(b)(2) because it is where the events giving rise to this claim occurred.

### II. PLAINTIFFS

(3) Jacob Alex Johnson, Jesse Spencer Fleming, Mario Costa, Kerai Bochelong, Jose Gaytan, Jose Luis Fino, AND All Inmates listed herein of the Ector County Detention Center

1

are and were at all times mentioned herein inmates of the State of Texas in the custody of Ector County Sheriffs office. They are currently confined in Ector County Detention Center in Ector County Texas.

III. Defendants

(4) Defendant, Mike Griffis, is the Sheriff of the Ector County Sheriffs Department. He is legally responsible for the overall operation of the Department and Each institution under its jurisdiction including Ector County Detention Center. And is responsible for the welfare of all the inmates of the jail.

(5) Defendants J. Toombs and Z. Reyes are deputies at ECSD who at all times held the rank of Corporal and were assigned to ECDC.

(6) Defendant, T. Warner, is a deputy at ECSD who at all times mentioned in this complaint held the rank of Master Seargent and was assigned to ECDC.

(7) Defendant, A. Ligon, is a deputy of ECSD who at all times mentioned in this complaint held the rank of Seargent and was assigned to ECDC.

(8) Defendant, M. Cox, is a deputy at ECSD who at all times mentioned in this complaint held the rank of Lieutenant and was assigned to ECDC.

(9) Defendant, R. McCullough, is an employee

2

of the ECDC who at all times was employed as Director of Nurses at ECDC.

(10) Defendant, Cindy Velasquez, is an employee of Keefe Commissary Company who at all times was employed as a manager at ECDC.

(11) Each Defendant is sued individually and in his/her official capacity. At All times mentioned in this complaint each defendant acted under the color of State Law.

## IV. Facts

(12) Due to the overwhelming amount of incidents that have occurred and continue to take place additional investigation and gathering of statements and evidence will be needed to present all the facts of each case. Under Exhibit A are grievance numbers for a few Plaintiffs. Copies of grievances have been requested but not yet issued. To bring light to some of the circumstances occurring in the facility a few plaintiffs cases are described as follows.

(13) DENIAL OF RELIGIOUS FREEDOM

On February, 1 of 2023 plaintiff, Jacob Alex Johnson, requested a Kosher diet on the Kiosk in cell 1202 of the Ector County Detention Center. After waiting 5 days for a reply plaintiff submitted a grievance.

3

About 30 minutes after submitting the grievance the plaintiff was called to the Seargents office. I was there questioned by Master Seargent T. Warner and Corporal J. Toombs about what kind of diet I was requesting and what religion I "claimed" when I was booked in the jail. T. Warners tone was immediately threatening and challenging, anything but proffessional. She said she did not know what a Kosher diet was, had no interest in looking into what a Kosher diet consisted of and told me that there was no way whatsoever the jail would provide such a diet. J. Toombs stated that a Kosher diet would not be provided due to the jail being a temporary holding facility. T. Warner said she would speak to her captain about the diet and I requested to speak with the captain as well which has yet to happen. On February 9, 2023 I submitted an appeal to a grievance which was answered by Lieutenant Cox whom also stated that the

4

jail was not responsible for providing religious diets. Once again I grieved the issue. On February 13, 2023 Lieutenant Durham responded to the original diet request telling me to put in a sick-call for the diet. After submitting a sick-call I was told by medical that they do not issue religous diets.

The regular food trays are far from meeting standards for a kosher diet, packed with bad carbs and have zero servings of fruit.

Being that I am a convicted prisoner from Colorado being housed in a county facility that does not wish to provide any means to a diet that is remotely close to a kosher diet is something I have not experienced anywhere else. I only eat the regular trays as I am close to being underweight and do not wish nor think I should have to suffer hunger because of my religous beliefs and preferences. I only want a better response to my grievances and

a proper kosher diet.

(14) <u>Denial of Due Process</u>

Plaintiff, Kerai ~~Bouchelong~~ Baulechong, has been in custody since September of 2022 on a Burglary of Habitation charge. The habitation which he was charged for burglarizing was that of his own and could be proven by simple matters of fact. He is still in custody on a $50,000 bond which is unreasonable, excessive and uneccesarry. He does not know his next court date, was unaware of his right to an examining trial and has not heard from his attorney, never seen his attorney even after writing letters and continually attempting to contact his attorney, Kevin Ackers, by phone. Almost 6 months have passed and zero progress has been made to resolve the plaintiffs case.

Plaintiff, Mario Costa, has been indicted on charges without ever being advised by an attorney of his right to an examining trial. He has been

6

in custody since December, unable to afford bond and left in the dark about his case.

(15) Deliberate Indifference

Plaintiff, Jesse Spencer Fleming, has repeatedly requested dental treatment for a dislodged filling and is told he must pay fees for a dislodged filling prior to recieving treatment regardless of the fact that he is in pain and unable to afford to prepay for such an operation.

Plaintiff, Jose Luis Fino, Has been in custody for 7 weeks and been denied medical treatment for that entire time. Plaintiff has put in grievences about the issue to only be disregarded as he is left in constant pain.

Plaintiff, Jose Gaytan, has recently been sentenced after being in custody of the ECSD for 17 months. He was booked into the facility with a hernia. After much effort he had an operation 8 months ago which was unsuccessful. His inmate account was

7

billed and accrued a negative balance of $671.00 although the hospital bills were sent to his families address. His pain is almost unbearable and he has an obvious hernia in need of medical attention, most likely surgery. He has submitted grievances and is still waiting in pain for proper medical care.

(16) All in all the above mentioned situations are not at all a rareity within the Ector County Detention Center. Similar cases are and have occurred at an alarming rate, contain a multitude of state violations as well as civil, constitutional and prisoner rights. An astounding number of grievances and requests have gone disregarded, neglected and unanswered causing grief, hardship, pain and suffering among the entire inmate population. Plaintiffs have done all they can within the facility to have their rights restored or even partially acknowledged, be afforded due process, access to the court, fair medical treatment, free indigent hygiene and envelopes with paper to contact family. Indigent inmates accounts are being put into the negative for hygiene, pens, pencils, paper and envelopes. Inmates in custody are burdened beyond belief within the county jail.

## V. LEGAL CLAIMS

(17) <u>1st Amendment claims</u>

There is a lack of consistency of church services and no opportunity for various religous beliefs to congregate or access their respective religous texts as the head Chaplain only provides Bibles as he is a Christian. Many weeks go by that inmates are not able to attend services even though they have signed up to attend.

Inmates have been denied copies of legal paperwork and copies of grievances which delays the pursuit of redress of grievances and civil actions.

The Law library materials and services are limited to a single kiosk in a tank of 24 inmates which makes preparing a case very difficult as the kiosk is used for messaging and reading mail, viewing photos and submitting requests. Being that physical mail and photos are scanned digitally and can only be accessed during certain hours of the day limits inmates from their enjoyment of letters and photos from family and friends. The kiosk is often inoperable which further restricts access to personal mail and

9

the law library. Not only are these claims an infringement on 1st Amendment rights they are against Texas CCrP Article 1.1b Liberty of speech and press, and Article 1.04 Due course of Law

(18) 8th Amendment claims

### Deliberate Indifference

Medical Attention for serious conditions have gone disregarded, neglected and denied. Inmates have suffered months of ongoing pain from hernias, dental issues and most likely many other ailments which constitutes cruel and unusual punishment.

Inmates have been in custody for an excessive amount of time, many for 6 months or more awaiting court dates that are not provided by the jail and being held on bonds that are not reduced, blatantly excessive and purely unaffordable. Many cases should have been resolved and often inmates will serve more time awaiting resolution of their cases than the

10

maximum time they can be sentenced to for the charges against them.

Indigent inmates accounts are being charged into negative balances for hygiene, stationary and legal indigent supplies. The indigent hygiene supplies provided are not sufficient for a whole week and the finger ~~tooth~~ brushes provided are inefficient, unsanitary and inhumane.

These claims also fall under Texas CCrP Article 43.24, Article 104.102, and Article 1.09.

(19) <u>14th Amendment Claims</u>

<u>Denial of Due Process</u>

The current state of the judicial process of Ector County is far behind that of other counties in the same state. Many inmates are unaware of their rights to examining trials, preliminary hearings and spend months on end in custody knowing nothing about their cases or even having copies of the information against them.

11

Ector county judges, officials, and attorneys are infringing upon inmates 14th Amendment rights as well as violating Texas CCrP Articles 11.43, Art. 1.09, Art. 1.051, Art. 1.04 and Art. 1.05.

## VI. Prayer for Relief

Wherefore plaintiff respectfully prays that this court enter judgement granting plaintiffs:

(20) A declaration that the acts and omissions described herein violated plaintiffs rights under the Constitution, laws of the United States and the laws of the Great State of Texas.

(21) A preliminary and permanent injunction ordering defendants to stop neglecting inmates medical needs, charging for inadequate hygiene supplies, provide free indigent stationary, bring the judicial process up to par with that of other counties, provide proper religous diets, texts and opportunities for services and inmates right to congregate. Provide inmates with legal services that are protected by prisoners rights. Stop scanning physical mail and photographs to enable inmates the intimate enjoyment of their mail. Review and implement a grievance process that follows a proper chain of command.

22) Compensatory damages in the amount of $80,000,000 against each defendant, jointly and severally.

23) Punitive damages in the amount of $20,000,000 against each defendant.

24) A jury trial on all issues triable by jury.

25) Plaintiffs cost in this suit

26) Any Additional relief this court deems proper and equitable

## VII. Verification

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief and as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Respectfully submitted,

*Jacob Johnson*

Jacob Alex Johnson 155760

13

## Exhibit A

Defendants are not willing to provide copies of grievances. Here are the grievance numbers for Plaintiff, Jacob Alex Johnson: #14,253,476  #14,273,436  #14,253,302  #14,273,546  #14,288,269,  #14,301,271  #14,324,087,  #14,369,685  #14,400,616  #14,400,760

14

SID# 155760
Johnson
Ector County Detention Center
PO Box 331
Odessa Texas 79760

2-15-2023

United States
District Clerk
525 Magoffin
Suite 105
El Paso, Texas

Legal Indigent